UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00119-RJC

| KACI BARKER, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 10), Defendant's Motion for Summary Judgment, (Doc. No. 13), and the parties' motions for extension of time, (Doc. Nos. 9, 12). The motions are ripe for adjudication.

I.  BACKGROUND

A.  Procedural Background

Kaci Barker ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed applications for Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on April 20, 2015. (Doc. Nos. 8 to 8-9: Administrative Record ("Tr.") at 501, 508.) Her applications were denied initially on October 27, 2015, (Tr. 424), and upon reconsideration on December 8, 2015 and February 15, 2016, (Tr. 431, 441). Plaintiff timely filed a request for a

hearing on April 4, 2016, (Tr. 449), and an administrative hearing was held by an administrative law judge ("ALJ") on January 4, 2018, (Tr. 468). Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 179.) Plaintiff requested a review of the ALJ's decision, but on February 21, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Having exhausted her administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of her social security claim in this Court.

B.   Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d), and 1614(a)(3) of the SSA. (Tr. 182.) To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that her disability began on December 5, 2016 due to physical and mental impairments. (Tr. 547.)

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 194.) In reaching his conclusion, the ALJ used the five-step sequential evaluation process established

---

[1] Under the SSA, 42 U.S.C. § 301 et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 193.) In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that she suffered from severe physical and mental impairments,[2] and that her impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 184–89.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to

---

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: obesity, fibromyalgia, affective disorders, anxiety disorders, and post-traumatic stress disorder. (Tr. 184.)

3

Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff

> has the [RFC] to perform light work . . . except she can occasionally climb ladders, ropes, or scaffolds; she can frequently climb ramps or stairs; she can occasionally stoop, crouch, kneel, or crawl; work is limited to simple, routine, and repetitive tasks; work must be performed in a work environment free of fast-paced production requirements, involving only simple, work-related decisions, and with few, if any, work place changes; she is capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; she can perform simple tasks for two hour blocks of time with normal rest breaks during an eight hour work day; she can have no interaction with the public; and she can have only occasional interaction with coworkers.

(Tr. 189.) Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which she had previously been employed. (Tr. 192.) Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in her RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 193.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "office helper,"[3] "checker,"[4] and "mail clerk."[5] (Tr. 193.) According to the DOT, all of these jobs involve "light work." The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent her

---

[3] DOT 239.567-010.
[4] DOT 222.687-010.
[5] DOT 209.687-026.

4

from working; consequently, Plaintiff's applications for Title II and Title XVI benefits were denied. (Tr. 193–94.)

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled her lawful duty in her determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the

5

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff contends that remand is warranted for two reasons: (1) the ALJ failed to explain why he did not assign substantial weight to the North Carolina Department of Health and Human Services' ("NCDHHS") disability determination; and (2) the ALJ failed to identify and explain the apparent conflict between Plaintiff's RFC restriction to simple, routine, and repetitive tasks and the VE's testimony that Plaintiff could perform jobs requiring a reasoning level of 2. The Court agrees that remand is appropriate based on the first allegation of error.

In Woods v. Berryhill, the Fourth Circuit held that the Commissioner generally "must give substantial weight to an [NCDHHS] disability decision." 888 F.3d 686, 692 (4th Cir. 2018). This is because "NCDHHS and Social Security disability insurance benefits serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." Id. (quotation marks

6

omitted). In addition, "NCDHHS defines 'Medicaid to the Disabled' as a program of medical assistance for individuals under age 65 who meet Social Security's definition of disability." Id. (quotation marks omitted).

The Fourth Circuit recognized, however, that "an ALJ may deviate from this default rule and accord an NCDHHS disability decision less than substantial weight if the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id. (quotation marks omitted). The Fourth Circuit concluded that "to demonstrate that it is appropriate to accord less than substantial weight to an NCDHHS disability decision, an ALJ must give persuasive, specific, valid reasons for doing so that are supported by the record." Id. (quotation marks omitted). An ALJ's failure to provide persuasive, specific, valid reasons for according less than substantial weight to an NCDHHS disability decision requires remand. Id. at 694 (concluding that the ALJ failed to adequately explain why he accorded less than substantial weight to the prior NCDHHS disability decision and remanding the case to the ALJ).

Here, the record before the ALJ included a decision by the NCDHHS that found Plaintiff was disabled and entitled to Medicaid benefits. (Tr. 549–51.) The ALJ did not discuss the NCDHHS decision or even refer to it. It necessarily follows that the ALJ neither gave the NCDHHS decision substantial weight nor provided persuasive, specific, valid reasons for giving the decision less than substantial weight. Therefore, this matter must be remanded for further proceedings.

7

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**;

2. Defendant's Motion for Summary Judgement, (Doc. No. 13), is **DENIED**;

3. Plaintiff's and Defendant's motions for extension of time, (Doc. Nos. 9, 12), are **DENIED as moot**;

4. This matter is **REMANDED** for further proceedings consistent with this Order; and

5. The Clerk of Court is directed to close this case.

Signed: June 16, 2020

Robert J. Conrad, Jr.
United States District Judge